Filed 12/7/23  P. v. Williams CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WALTER WILLIAMS,<br><br>    Defendant and Appellant. | 2d Crim. No. B326471<br>(Super. Ct. No. VA071074)<br>(Los Angeles County) |

Walter Williams appeals the trial court's post-judgment order denying his petition for resentencing under Penal Code section 1172.6.[1]  We affirm.

In 2003, a jury convicted appellant of attempted murder (count one; §§ 664, 187, subd. (a)) and assault with a deadly weapon (count two; § 245, subd. (b)) for shooting a restaurant employee in Norwalk.  The jury found true allegations that Williams personally used a firearm and inflicted great bodily

_____

[1] All statutory references are to the Penal Code, unless otherwise noted.

injury. (§§ 12022.53, subd. (c) & (d), 12022.7, subd. (a).) The trial court sentenced him to 25 years to life in prison on count one. It stayed his sentence on count 2 pursuant to section 654.

Williams filed a petition for resentencing in March of 2022. (Former § 1170.95, now § 1172.6). The court appointed an attorney to represent him and held a hearing. It found Williams ineligible for resentencing because he was convicted of attempted murder as the actual shooter of the victim, not as a participant found guilty under the now-invalid theory of natural and probable consequences. Williams appealed. We appointed counsel to represent him. Counsel filed a brief raising no issues in accordance with *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and requested we independently review the record for error. We notified Williams of his right to submit any contentions or issues he wished us to consider.

Williams filed a partially completed form petition for writ of habeas corpus that cited various cases, statutes, and bills as grounds for resentencing, including *People v. Griffin* (2022) 85 Cal.App.5th 329, sections 1170, 1172.1, 1172.6, and Senate Bill 620's amendments to sections 12022.5 and 12022.53. He requests the court resentence him for assault with a deadly weapon rather than murder in what appears to be an argument based on section 654.[2] Williams separately submitted a copy of a "Certificate of Release or Discharge From Active Duty" indicating he received an "Entry Level Separation" from the United States Navy based on "other physical/mental condition – personality disorder" in

---

[2] Williams states as follows on page 3 of the petition: "I was charged with attempted murder [and] assault with a [deadly] weapon. [¶] Only one charge appl[ies]. I should be resentence[d] for assault only. It was only one crime. Not two."

May of 1984, along with a completed form petition for resentencing based on health conditions due to military service under section 1170.91, subdivision (b).[3]  We elected to treat these materials as supplemental briefing submitted in response to our *Delgadillo* notice.  As such, we are "required to evaluate the specific arguments presented in that brief and . . . issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

The trial court correctly found that Williams is not eligible for resentencing under section 1172.6.  The record confirms he was the sole participant in the charged crime.  He shot a restaurant worker with a handgun as the victim was handing him a bag of food through a drive-thru window.  (See *People v. Lewis* (2021) 11 Cal.5th 952, 967 [section 1172.6 enacted "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life'"].)  Prosecutors did not obtain (or seek) Williams' conviction for attempted murder under the natural and probable causes doctrine – a threshold requirement for resentencing under the statute.  (See § 1172.6, subd. (a) ["A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts"].)

Williams did not seek relief under sections 654, 1170, 1172.1, or Senate Bill 620 in his original petition.  These issues

---

[3] Williams also requests we appoint him new counsel.  We deny the request.

are beyond the scope of this appeal.  Even if we were to consider them, he articulates no grounds for relief.

The judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Joseph R. Porras, Judge
Superior Court County of Los Angeles

_____

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.